[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12842
Non-Argument Calendar

_____

Agency No. A096-102-353

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 29, 2012
JOHN LEY
CLERK

PANICIA DA SILVA,
DAVID FAYE DA SILVA,
RICARDO DARIO GONZALEZ ALABERN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 29, 2012)

Before WILSON, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Panicia Da Silva ("Da Silva"), the lead petitioner, her husband, Ricardo

Dario Gonzalez Alabern ("Ricardo"), and her son, David Faye Da Silva ("David") (collectively "the Petitioners"), jointly petition for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum pursuant to the Immigration and Nationality Act ("INA") § 208, 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 1208.16(c). The substance of their argument is that Da Silva was persecuted in Guinea-Bissau and Argentina, and therefore they contend that they are eligible for asylum, withholding of removal, and CAT relief.

I.

Where the BIA issues a decision, we review that decision, except to the extent that the BIA expressly adopts the IJ's opinion. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, we review only the BIA's decision because the BIA issued its own decision and did not expressly adopt the opinion of the IJ. "We review questions of law *de novo*, with appropriate deference to the BIA's reasonable interpretation of the [INA]." *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1326 (11th Cir. 2003) (citation and internal quotation marks omitted). We follow the BIA's interpretation of what constitutes a particular

social group under the INA unless the interpretation is unreasonable.  *See*

*Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1196 (11th Cir. 2006).  An

interpretation is unreasonable if it is arbitrary, capricious, or clearly contrary to

law.  *Id.*

Asylum is only available to applicants who prove that they are a "refugee"

within the meaning of the INA. *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999,

1006 (11th Cir. 2008) (citing 8 U.S.C. § 1158(b)(1)(A)).  To qualify as a refugee,

an alien must show, with specific and credible evidence, past persecution or a

well-founded fear of future persecution on account of race, religion, nationality,

membership in a particular social group, or political opinion.  *Forgue v. U.S. Att'y*

*Gen.*, 401 F.3d 1282, 1286–87 (11th Cir. 2005) (citing 8 U.S.C. § 1101(a)(42)).

Persecution is not defined in the INA, but it is "an extreme concept,"

requiring more than mere harassment.  *De Santamaria*, 525 F.3d at 1008.  In

assessing past persecution, we consider all the evidence of mistreatment as a

whole, and are "required to consider the cumulative impact of the mistreatment the

petitioners suffered."  *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1258 (11th Cir.

2007).  Evidence showing that someone is merely a victim of criminal activity

does not establish persecution based on a statutorily protected ground.  *Ruiz v.*

*U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006) (per curiam).  Mere threats

also do not constitute persecution. *See Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (finding that a threatening note and phone calls, without more, were harassment, not persecution).

A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. *Ruiz*, 440 F.3d at 1257 (citing 8 C.F.R § 208.13(b)(1)). Even if the applicant fails to demonstrate past persecution, she may still qualify for asylum based upon proof of a well-founded fear of future persecution, which may be demonstrated by a subjectively genuine and objectively reasonable fear of persecution on account of a protected ground. *Ruiz*, 440 F.3d at 1257. An applicant can establish a well-founded fear of future persecution by presenting "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution" on account of a protected ground. *Forgue*, 401 F.3d at 1286.

Persecution on account of membership in a particular social group means "persecution that is directed toward an individual who is a member of a group of persons all of whom share a common, immutable characteristic . . . [that] is fundamental to their individual identities or consciences." *Mater of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985), *overruled on other grounds as recognized by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987). Furthermore, the group

must have sufficient social visibility and should not be defined so broadly that it becomes "a catch-all for all groups who might claim persecution." *Castillo-Arias*, 446 F.3d at 1197. The group must not be so numerous or inchoate as to render it too broad and diverse to be sufficiently particularized. *Id.* at 1198 (noting the need for a unifying relationship or characteristic to narrow a diverse and disconnected group).

## II.

## A.

Concerning Guinea-Bissau, the Petitioners argue that they established their eligibility for asylum based upon persecution Da Silva suffered on account of her membership in two particular social groups: "women in Guinea-Bissau" and "family." Da Silva says that when she was a young girl her adopted brother and his military friends sexually abused and raped her.

As an initial matter, the BIA and IJ found Da Silva to be, on the whole, credible. But even if the sexual abuse she suffered in Guinea-Bissau amounted to persecution, the Petitioners nevertheless have failed to show that the abuse was inflicted on account of a protected ground.

First, as to the Petitioners' argument that Da Silva's persecution was based on her membership in the purported social group "family," the argument was not

5

exhausted before the BIA, and we therefore lack jurisdiction to address it.  *See* 8 U.S.C. § 1252(d)(1) (providing that a petitioner must have exhausted all available administrative remedies); *see also Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam) (holding that we lack jurisdiction to consider claims that have not been raised before the BIA).

Second, regarding the Petitioners' argument that Da Silva's persecution was because of her membership in the group "women in Guinea-Bissau," we hold that the BIA's decision in this case is a reasonable application of the principles set forth in *Acosta* and *Castillo-Arias*.  The BIA determined that "women" was too broad to constitute a particular social group.  We agree that such a group is too numerous and broadly defined to be considered a "social group" under the INA. *See Castillo-Arias*, 446 F.3d  at 1198.  Therefore, the Petitioners have not established past persecution in Guinea-Bissau on account of a membership in a specific group

We also agree with the BIA's conclusion that the Petitioners did not directly demonstrate a well-founded fear of future persecution in Guinea-Bissau.  There is no evidence that anyone from Guinea-Bissau has tried to find Da Silva after she left the country.  Although there is evidence that the military and its members periodically abuse their position of power, there is no evidence that the military

6

targets any particular group of persons. Therefore, the Petitioners' fear is not objectively reasonable.

B.

Concerning Argentina, the Petitioners contend that Da Silva was persecuted based on her race and her membership in the social group "women in interracial marriages." The Petitioners also argue that the BIA erred by not discussing David's suffering. Lastly, the Petitioners request asylum based on humanitarian concerns, including Da Silva's HIV-positive status.

The BIA did not err when it did not discuss how David's suffering affected his mother's qualification for asylum. In general, "persecution, or the fear thereof, must be personally endured by the applicant." *See Yu v. U.S. Att'y Gen.*, 568 F.3d 1328, 1333 (11th Cir. 2009) (per curiam).

We are not compelled to reverse the findings of the BIA that the Petitioners failed to establish a well-founded fear of future persecution if returned to Argentina. Even assuming that Da Silva's troubles occurred on account of a protected ground, the alleged incidents—viewed cumulatively—do not rise to the level of persecution. Da Silva was not physically harmed in the majority of instances. And when she was physically injured, substantial evidence supports the conclusion that the injury arose from a personal conflict—not persecution on

7

account of a protected ground. Although the Petitioners assert that racism and xenophobia are rampant in Argentina, the 2010 State Department's Human Rights Report does not indicate that black or dark skinned individuals are targeted for persecution. Rather, that report shows that Argentinian law prohibits discrimination on the basis of race or gender, and the country generally enforces these prohibitions. *See Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1175 (11th Cir. 2008). Additionally, although Da Silva is concerned about returning to Argentina because she is HIV positive, she has not provided evidence that she will be denied access to all medications or that she will be persecuted because of her disease. Considering that all inferences from Petitioners' evidence are drawn in favor of the BIA, *Djonda*, 514 F.3d at 1175, Petitioners' fear is not objectively reasonable.

C.

The Petitioners have failed to establish their eligibility for asylum from Guinea-Bissau or Argentina, so they have, by extension, failed to satisfy the more stringent burden for withholding of removal. *See Forgue*, 401 F.3d at 1288 n.4. Moreover, Ricardo and David had no derivative right to withholding of removal based on Da Silva's application for asylum and withholding of removal. *See Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 862 (11th Cir. 2007) (per curiam). Additionally, because the Petitioners failed to challenge the IJ's finding that they

did not qualify for CAT relief, the Petitioners did not exhaust this argument, and we therefore lack jurisdiction to consider it. *See Amaya-Artunduaga*, 463 F.3d at 1250

Upon review of the record and consideration of the parties' briefs, we deny the petition in part and dismiss in part.

**PETITION IS DENIED IN PART AND DISMISSED IN PART**.